IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARY P. R. HAVILAND-SALE,

      Plaintiff,

v.

TONY MENDENHAL, et al,

      Defendant.

Civil No. 12-1913-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge:

Plaintiff Mary Haviland-Sale, who is proceeding *pro se*, has filed a complaint (#2), an application to proceed *in forma pauperis* (#1), and a Motion for Appointment of Pro Bono Counsel (#4). For the reasons explained below, this action should be dismissed for lack of subject matter jurisdiction and plaintiff's application to proceed *in forma pauperis* and her motion for appointment of pro bono counsel should be denied as moot.

## DISCUSSION

Federal courts are courts of limited jurisdiction and can adjudicate only those cases which the Constitution and Congress authorizes them to adjudicate. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Original jurisdiction must be based either on a claim

Report and Recommendation - 1

involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332. Federal courts are presumptively without jurisdiction over civil cases and the party invoking the court's jurisdiction bears the burden of establishing subject matter jurisdiction. Kokkonen, 511 U.S. 375. Federal Rules of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction").

A complaint must state a short and plain statement of the claim, Fed. R. Civ. P. 8(a), and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). Further, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and "a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555.

In cases involving a plaintiff proceeding *pro se,* the court construes the pleadings liberally and affords the plaintiff the benefits of any doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258,

Report and Recommendation - 2

1260-61 (9th Cir. 1992). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623-24.

Plaintiff's complaint is mostly incoherent, but she purports to invoke federal question jurisdiction by alleging a claim of what appears to be negligence and slander by a state agency, Developmental Disability Services ("DDS"), a division of the Oregon Department of Human Services ("DHS"), and employees of DDS. Tort claims against a public body such as DHS arise under Oregon state law, not federal law. *See* O.R.S. § 30.265. It appears that no other claim alleged by plaintiff is brought under a federal law. Thus, there is no federal statute or other federal question that provides a basis for subject matter jurisdiction in this court. Because there is no federal question jurisdiction, the court lacks supplemental jurisdiction over plaintiff's other claims. See 28 U.S.C. § 1367.

In addition, the Eleventh Amendment to the United States Constitution prohibits lawsuits, including those brought under section 1983, against a state agency in federal court. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 75 (1996); see also, Mitchell v. Los Angeles Comm. College Dist., 861 F.2d 198, 201 (9th Cir. 1989) (stating the absence of a waiver by the state or a valid congressional override, "under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." The Amendment is based upon the presumption that each state is a sovereign entity within the federal system and that not being amenable to lawsuits without the state's consent is inherent to the nature of sovereignty. Id. at 54. Eleventh Amendment immunity applies to the state, its

Report and Recommendation - 3

agencies, and its officials when acting in their official capacities. <u>Choka v. McClellan</u>, No.10–cv–702–ST, 2010 WL 5825522, at *2 (D.Or. Dec.28, 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." (citation omitted)). Thus, to the extent the plaintiff alleges claims against DDS, a state agency, and employees of DDS acting in their official capacity, these claims are barred by the Eleventh Amendment, and an amended complaint, if any, should not name these defendants.

Subject matter jurisdiction could exist over plaintiff's claims if diversity jurisdiction is satisfied. To invoke diversity jurisdiction, in addition to alleging the requisite amount in controversy, <u>supra</u>, plaintiff must show on the face of the complaint that diversity of citizenship is complete, that is, each plaintiff must be a citizen of a different state than each defendant. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74 (1978). It appears that no diversity of citizenship of the parties exists in this case. No other basis for jurisdiction is evident from the allegations of the complaint. Accordingly, the court lacks subject matter jurisdiction over this action and the action should be dismissed.

However, the court construes *pro se* pleadings liberally and affords the plaintiff the benefits of any doubt, as well as notice of deficiencies. Additionally, because the pleadings are somewhat incoherent, it is unclear whether the deficiencies can be cured by amendment. Therefore, in an abundance of caution, the plaintiff should be allowed thirty (30) days to amend her complaint. If plaintiff's action is dismissed and she is given leave to amend her complaint, plaintiff should be ordered to draft a complaint with a short and concise statement of her claim or claims against defendants in compliance with Rule 8(a) that would allow the court and the

Report and Recommendation - 4

defendants to determine the basis of plaintiff's claims and whether or not this court has subject matter jurisdiction. Plaintiff should name only defendants who are not immune under the Eleventh Amendment.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction. Her application to proceed in forma pauperis (#1) and her Motion for Appointment of Pro Bono Counsel (#4) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections are due fourteen (14) days from the date of the objections. See Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ___ day of November, 2012.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE